IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM STRONG, | : Civil No. 3:23-cv-224 |
| Plaintiff | : |
| | : (Judge Mariani) |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| KAITLIN LOURY, CORRECTIONAL | : |
| OFFICER ORNECK, | : |
| | : |
| Defendants | : |

FILED
SCRANTON

APR 10 2024

Per _____ / DEPUTY CLERK

## MEMORANDUM

Plaintiff Adam Strong ("Strong"), a federal inmate, is pursuing claims in this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)[1], and the Federal Tort Claims Act ("FTCA") based on Eighth Amendment deliberate indifference to his serious medical needs and negligence.[2] (Doc. 1). Named as Defendants are the United States of America, paramedic Loury and correctional officer Orneck. (*Id.*). Defendants Loury and Orneck move for summary judgment based on Strong's failure to exhaust his

---

[1]  In *Bivens*, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

[2]  The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

administrative remedies with respect to the *Bivens* claim.[3]  (Doc. 13).  For the reasons set forth below, the Court will grant Defendants' motion and enter judgment in their favor.

I.  **Factual Background & Procedural History**[4]

The BOP has established an administrative remedy procedure through which an inmate may seek formal review of a complaint relating to any aspect of his confinement. (Doc. 17 ¶ 1; Doc. 19 ¶ 1).  Inmates first informally present their complaint to staff in an attempt to resolve the matter.  (Doc. 17 ¶ 2; Doc. 19 ¶¶ 1, 2).  If informal resolution is unsuccessful, the inmate then presents the issue to the Warden within twenty calendar days of the events giving rise to the complaint.  (Doc. 17 ¶ 3; Doc. 19 ¶¶ 1, 2).  In the case of an inmate appealing a DHO decision, the administrative remedy is filed directly with the Regional Director.  (Doc. 17 ¶ 4).  If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office within thirty calendar days.  (Doc. 17 ¶ 5; Doc. 19 ¶¶ 1, 2).  A remedy is deemed exhausted only when it has been denied by the Central Office.  (Doc. 17 ¶ 6).  The BOP tracks formal administrative remedy filings through its computerized SENTRY database.  (*Id.* ¶ 7).  Strong asserts that

---

[3] In accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), the Court placed the parties on notice that it would consider exhaustion in its role as fact finder and afforded them the opportunity to be heard under *Small v. Camden Cnty.*, 728 F.3d 265 (3d Cir. 2013).  (Doc. 22).

[4] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  *Id.*  Unless otherwise noted, the factual background herein derives from the parties' statements of material facts and exhibits.  (Docs. 17, 17-1, 28-1; Docs. 19, 23).

"the favorable resolution of a grievance through informal channels satisfies the PLRA's exhaustion requirement." (Doc. 19 ¶ 3; Doc. 23).

Strong filed seven administrative remedies while incarcerated in the BOP. (Doc. 28-1, p. 1 ¶ 4; Doc. 28-1, pp. 4-8). Strong filed Administrative Remedy 1108962-F1 at the institution, raising a medical complaint. (Doc. 17 ¶ 9). On February 17, 2022, Administrative Remedy 1108962-F1 was denied. (*Id.* ¶ 10). Strong appealed to the Regional Director, designated as Administrative Remedy 1108962-R1. (*Id.* ¶ 11). The Regional Director rejected the filing because Strong failed to provide a copy of his institutional filing. (*Id.* ¶ 11). He was given ten days to refile. (*Id.*). Strong attempted to refile this remedy on two occasions, designated as Administrative Remedies 1108962-R2 and 1108962-R3. (*Id.* ¶ 12). The Regional Director again rejected these filings because Strong failed to provide the institutional filing, and he was given ten days to properly refile. (*Id.* ¶ 13). Strong failed to properly refile and has not filed any other remedies concerning the allegations in his complaint. (*Id.* ¶ 14). Strong contends that these administrative remedies are irrelevant. (*See* Doc. 23).

## II. Legal Standards

### A. *Bivens* Claim

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975). To state a claim under *Bivens,* a plaintiff must allege that

3

he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

### B.     Federal Rule of Civil Procedure 56

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court

4

need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

### III. Discission

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. §

5

1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Section 1997e(a) establishes the requirement of administrative exhaustion:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It has been made clear that the exhaustion requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73 (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894-95 (S.D.N.Y. 1998)).

To exhaust administrative remedies, an inmate must comply with all applicable grievance procedures and rules. *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. *Spruill*, 372 F.3d at 227-32; *see also Nyhuis*, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or

6

improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *Spruill*, 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

The BOP has established a multi-tier system enabling a federal prisoner to seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate must attempt to informally resolve the issue with institutional staff by completing a BP-8 form. 28 C.F.R. § 542.13. If informal resolution is unsuccessful, the inmate may present the issue to the Warden within twenty days of the date of the event giving rise to the administrative remedy request by filing a BP-9 form. 28 C.F.R. § 542.14. The Warden has twenty days to respond. 28 C.F.R. § 542.18. An inmate dissatisfied with the Warden's response may submit an appeal on a BP-10 form to the BOP Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty days to respond to an appeal. 28 C.F.R. § 542.18. If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office, General Counsel, by submitting a BP-11 form within thirty calendar days. 28 C.F.R. § 542.15(a). The Central Office has forty days to respond. 28 C.F.R. § 542.18. No administrative remedy is considered fully exhausted until it is decided on its merits by the Central Office. 28 C.F.R. §§ 541.10-542.19.

Here, Defendants Loury and Orneck seek an entry of summary judgment on the *Bivens* claim based on Strong's failure to properly exhaust his administrative remedies as

7

required by the PLRA. (Doc. 18). Defendants have supported their argument with record evidence, including the declaration of BOP Attorney Advisor Jennifer Knepper, the declaration of Correctional Counselor Brian Rakus, the BOP Administrative Remedy Generalized Retrieval, Strong's administrative remedies, and the Administrative Remedy Program of FCI-Schuylkill. (Doc. 17-1, pp. 1-2, 10-13; Doc. 28-1).

The record reflects that while in BOP custody, Strong filed the following relevant administrative remedies. On February 3, 2022, Strong filed administrative remedy number 1108962-F1 at the institution level regarding his medical care. (Doc. 17-1, p. 11; Doc. 28-1, p. 11). On February 17, 2022, the Warden denied the remedy and found that Strong was receiving appropriate medical care. (Doc. 28-1, p. 10). Strong appealed to the Regional Director. (Doc. 17 ¶ 11). Upon review, the Regional Director rejected the appeal because Strong failed to provide a copy of his institutional filing. (*Id.*). The Regional Director provided Strong ten days to properly refile. (Doc. 17 ¶ 11). Strong attempted to refile the remedy, designated as Administrative Remedies 1108962-R2 and 1108962-R3. (*Id.* ¶ 12; Doc. 17-1, p. 12; Doc. 28-1, p. 6). The Regional Director rejected those filings because Strong again failed to provide a copy of his institutional filing. (Doc. 17 ¶ 13; Doc. 17-1, pp. 11-12; Doc. 28-1, p. 6). Strong was allotted ten days to properly refile. (*Id.*). Once again, Strong failed to follow the directives and failed to properly refile the administrative remedy. (Doc. 17 ¶ 14). Instead, Strong bypassed the statutorily mandated procedures and proceeded to federal court.

8

In an attempt to refute Defendants' argument in favor of summary judgment, Strong asserts that a letter he received from the BOP Regional Counsel regarding his administrative tort claim instructed him to proceed to federal court. (Doc. 16; Doc. 19 ¶¶ 5-6; Doc. 20, p. 2). Strong's argument is unavailing. His belief that he exhausted administrative remedies by fulfilling the FTCA exhaustion requirement does not satisfy the PLRA exhaustion requirement. *See West v. Shultz*, 1:12-CV-1004, 2014 WL 1668093, *9 (M.D. Pa. 2014) (citations omitted) ("the administrative exhaustion requirements under the PLRA and the FTCA are separate and distinct, and…each must be independently followed in order for an inmate to maintain *Bivens* and negligence claims in the same action"). *See also, Vines v. Marler*, 21-CV-1792, 2022 WL 2316441, *6 (E.D. Pa. 2022) ("Because of the mandatory exhaustion procedures under both the PLRA and the FTCA, and the separate purposes of these procedures with respect to their different claims, courts have consistently held that fulfillment of one exhaustion requirement does not satisfy the other.") (quoting *West, supra*, at *9).

Strong also argues that he filed a BP-8 on March 10, 2022, which was informally resolved, and he was therefore deemed to have exhausted at that point. (Doc. 23, p. 2). Strong's argument that he did not need to pursue the formal grievance process because his immediate concerns were addressed is similarly unavailing. Strong asserts that a formal grievance is only necessary if a complaint is not resolved by the informal process—and his problems were already resolved. If that were true, however, Strong would not be seeking

9

vindication here in federal court. The resolution of Strong's immediate complaints did not undo the deprivations that allegedly occurred, which should have been made the subject of a subsequent formal complaint through the appropriate administrative channels. Exhaustion of all administrative remedies is required for a civil action to be brought in federal court. Regardless of whether Strong believes that his BP-8 was informally resolved, if he had further issues with his medical treatment and wanted to pursue litigation, he was required to file a formal administrative remedy and carry that grievance all the way through the formal process in order to completely exhaust his administrative remedies. It is undisputed that he did not do so.

Strong does not provide any evidence, via an affidavit, declaration, or other statement made under penalty of perjury to support a claim that he properly exhausted his *Bivens* claim, or that the administrative remedy process was not available to him.[5] Rather, the record before the Court demonstrates that the administrative remedy process was consistently available to Strong, yet he failed to properly pursue his administrative remedies. The evidence confirms that Strong commenced his *Bivens* action prior to completion of the BOP's administrative remedy procedure. The PLRA mandates exhaustion of available administrative remedies before bringing suit and it is beyond the power of this Court to excuse compliance with that requirement. Strong failed to pursue administrative relief to the

---

[5] Strong only provides an affidavit attesting that he did not agree to withdraw a BP-8 informal resolution. (Doc. 29-1).

final level of review. And Strong's utilization of the FTCA procedure is not a substitute for the proper exhaustion of his *Bivens* claim through the Bureau of Prisons' administrative remedy process. Strong's failure to fully exhaust the available administrative remedies prior to bringing this action compels an entry of summary judgment in favor of Defendants Loury and Orneck on the *Bivens* claim.

## IV. Conclusion

The Court will grant the motion (Doc. 13) for summary judgment by Defendants Loury and Orneck and enter judgment in their favor. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 10, 2024